SO ORDERED.

SIGNED this 12th day of September, 2014.



_Dale L. Somers_
Dale L. Somers
United States Bankruptcy Judge

_____

**Opinion Designated for Electronic Use, But Not for Print Publication**
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| In Re: | |
| **BROOKE CORPORATION, et al.,** | **CASE NO. 08-22786** |
| DEBTORS. | **CHAPTER 7** |
| **CHRISTOPHER J. REDMOND,** Chapter 7 Trustee of Brooke Corporation, Brooke Capital Corporation, and Brooke Investments, Inc., | |
| PLAINTIFF, | |
| v. | **ADV. NO. 10-6225** |
| **BROOKE HOLDINGS, INC., et al.,** | |
| DEFENDANTS. | |

**MEMORANDUM OPINION AND ORDER GRANTING**
**DEFENDANTS STEVEN AND WANDA SCHMIDT'S MOTION TO**
**FILE AMENDED (SUPPLEMENTAL) ANSWER TO COMPLAINT,**
**AND ALLOWING THE TRUSTEE ADDITIONAL TIME FOR DISCOVERY**

In this action, the Trustee seeks to avoid allegedly preferential transfers and constructively fraudulent conveyances made by Debtor Brooke Corporation (Brooke Corp) to Defendant Brooke Holdings, Inc. (BHI) and to recover part of those avoided transfers from Defendants Steven and Wanda Schmidt (the Schmidts) under 11 U.S.C. § 550 as subsequent transferees of BHI. The Schmidts request leave of the Court under Federal Rule of Bankruptcy Procedure 7015 to file an amended answer asserting the good-faith-transferee defense of § 550(b)(1).[1] The Trustee opposes the motion.[2] Argument was held on June 18, 2014. For the reasons stated below, the Court grants the motion.[3]

**PROCEDURAL BACKGROUND**.

The complaint was filed on October 26, 2010. The Schmidts' original answer was filed on May 2, 2011. It did not assert a defense under § 550(b)(1). On August 13, 2013, the Schmidts' present counsel entered his appearance. Pursuant to the scheduling order, the deadline for the parties to amend their pleadings expired two days later. After several extensions of time, discovery closed on April 3, 2014, and on the same day, the Trustee filed his motion for summary judgment against the Schmidts and BHI. On May 16, 2014,

---

[1] The Schmidts appear by J. Michael Morris of Klenda Austerman LLC.

[2] The Trustee appears by Michael D. Fielding of Husch Blackwell LLP.

[3] This Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2014). Efforts to avoid or recover preferences and fraudulent conveyances are core proceedings which this Court may hear and determine as provided in 28 U.S.C. § 157(b)(2)(F) and (H). There is no objection to venue or jurisdiction over the parties.

the due date for the Schmidts to respond to the motion for summary judgment, the
Schmidts filed their motion for leave to amend their answer.

The Schmidts seek to amend their answer to add the following paragraph:

> 115. Steven R. and Wanda R. Schmidt further assert
> that they are immediate or mediate transferees of the initial
> transferee (BHI), and that any funds transferred to them from
> BHI as alleged in the Complaint were taken for value, in good
> faith, and without knowledge of the voidability of any transfer
> avoided. The trustee may, therefore, have no recovery from
> them pursuant to 11 USC § 550(b)(1).

The Schmidts argue that no prejudice will result to the Trustee by the amendment since he
had actual notice of the defense and has conducted discovery on it. The Trustee opposes
the motion. He responds that the Schmidts have not shown any cause to amend the
scheduling order that set the deadline to amend pleadings. He also argues that the
Schmidts unduly delayed in seeking the amendment, that he would be prejudiced by the
amendment, and that the amendment, if allowed, would be futile.

**DISCUSSION**.

Two bankruptcy procedural rules are applicable, Rule 7016 and Rule 7015. Rule
7016 adopts Civil Rule 16, Pretrial Conferences; Scheduling; Management. Subsection
(b) of Rule 16 addresses scheduling, and subsection (b)(4) addresses modification of a
scheduling order. It provides: "**(4)** *Modifying a Schedule.* A schedule may be modified
only for good cause and with the judge's consent." Rule 7015 adopts Civil Rule 15,
Amended and Supplemental Pleadings. Subsection (a) of Rule 15 provides:

**(a) Amendments Before Trial.**

3

**(1)** *Amending as a Matter of Course.* A party may amend its pleadings once as a matter of course within:

> **(A)** 21 days after serving it, or
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

**(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Of the two rules, Rule 16 sets the more stringent standard, authorizing amendment of the scheduling order only for "good cause." Rule 15 provides that leave to amend pleadings should be freely given when justice so requires. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[4]

Three factors combine to convince the Court that the amendment should be allowed under these standards. First, the affirmative defense of § 550(b)(1) is essential to the Schmidts' defense. Absent the ability to assert the defense, the Schmidts will be strictly liable to the Trustee if they are subsequent transferees of funds BHI received in an avoided transfer from Brooke Corp. Second, the Court finds that the Trustee had notice that the Schmidts intended to rely upon the defense, even though it was not alleged in their answer. At argument on the Schmidts' motion, although the Trustee stated he could find no

---

[4] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993).

4

correspondence regarding the defense, he did not dispute having notice that the Schmidts would assert the defense. Questions posed to the Schmidts in depositions taken by the Trustee include those relevant to the defense. Third, the deadlines established in the scheduling order in this case for matters other than the filing of amended pleadings have been extended numerous times upon the request of the Trustee.

The Court therefore finds that there is cause to amend the scheduling order as requested by the Schmidts. The Court finds no bad faith or dilatory conduct of the Schmidts. The assertion of the Schmidts' counsel, who did not prepare the initial answer, that he believed the defense had been alleged until he received and reviewed the Trustee's motion for summary judgment is credible. As set forth in the Court's separate memorandum opinion and order denying the Trustee's motion for summary judgment, the Court finds that allowing the amendment will not be futile.

Any prejudice to the Trustee that might result from the amendment can be avoided by allowing the Trustee to engage in any additional discovery which he deems appropriate in light of this ruling allowing the § 550(b)(1) defense. The Court therefore extends the discovery deadline for the Trustee to 60 days after the entry of this memorandum opinion and order for the sole purpose of developing facts related to the §550(b)(1) defense. The Schmidts may not conduct additional discovery.

The Schmidts' motion for leave to amend their answer to add the paragraph as stated in their motion is granted. The Trustee is granted 60 days from the entry of this order to conduct additional discovery relevant to the newly-added affirmative defense.

5

**IT IS SO ORDERED.**

# # #

Case 10-06225    Doc# 228    Filed 09/12/14    Page 6 of 6