SO ORDERED.

SIGNED this 11th day of May, 2016.



*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: <br><br> **BROOKE CORPORATION, et al.,** <br><br>       DEBTORS. | CASE NO. 08-22786 <br> CHAPTER 7 |
| **CHRISTOPHER J. REDMOND,** Chapter 7 Trustee of Brooke Corporation, Brooke Capital Corporation, and Brooke Investments, Inc., <br>       PLAINTIFF, <br><br> v. <br><br> **BROOKE HOLDINGS, INC., et al.,** <br><br>       DEFENDANTS. | ADV. NO. 10-6225 |

Designated for online use, but not print publication
**MEMORANDUM OPINION AND ORDER**
**DENYING CLAIMHOLDER'S MOTION TO VACATE DEFAULT JUDGMENT**

The matter before the Court is the motion of nonparty Robert Orr, referred to as Claimholder or Orr, to Vacate Default Judgment (doc 215) against Defendant Brooke Holdings, Inc.[1] Orr appears pro se. The Trustee appears by his counsel Michael D. Fielding and John J. Cruciani of Husch Blackwell LLP. For the reasons stated below, Orr's motion to reconsider is denied.

This is another chapter in Orr's prolonged and doomed efforts to preserve his claim against the Brooke estates. Orr was the largest shareholder and President of Brooke Holdings, Inc., non-debtor affiliate of the Debtors. Brooke Holdings' claim against the Debtors was transferred to Orr. In the Court's Memorandum Opinion and Judgment Sustaining the Trustee's Objection to Claim #924-1 filed on April 19, 2016,[2] the transferred claim was disallowed under 11 U.S.C. § 502(d) because a default judgment against Brooke Holdings entered on July 10, 2014, has not been satisfied. Orr has appealed the April 19, 2016 order.[3]

In the motion now before the Court, Orr seeks to vacate the July 10, 2014 default judgment. The procedural and factual background giving rise to the default and Orr's efforts since 2014 to avoid the judgment are detailed in the April 16, 2016 order. That background will not be repeated here, but is incorporated herein by reference.

---

[1] Doc. 285 (Claimholder's Motion to Vacate Default Judgment (Doc #215)).

[2] Doc. 286. The document was filed in the Chapter 7 case, *In re Brooke Corp., et al.*, case no. 8-22786 as doc. 5680, and this adversary proceeding, although the adversary caption was not included.

[3] Doc. 290. Orr has also filed a notice of appeal in the Chapter 7 case.

The Court finds that it lacks jurisdiction to grant Orr's Motion to Vacate the 2014 Brooke Holdings default judgment. The 2016 order disallowing Orr's claim is predicated upon the finality of the default judgment against Brooke Holdings. The pending appeal of that order challenges the propriety of the entry of the default judgment. With respect to those aspects of a case involved in an appeal, the filing of a notice of appeal confers jurisdiction upon the appellate court and divests the lower court of jurisdiction.[4] This Court has no jurisdiction to consider whether the default should be set aside, since the validity of the default is involved in the appeal.

If this Court had jurisdiction to decide the Motion to Vacate, it would deny the motion for the reasons examined in the Court's April 19, 2016 Order. As stated therein, the default judgment against Brooke Holdings is a final order, and Orr lacks standing to set it aside.[5]

---

[4] *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *Society of Lloyd's v. Bennett*, 2006 WL 1524621, *2 (10th Cir. 2006).

[5] Doc. 286, 3. The Motion to Vacate was pending when the Court disallowed Orr's claim. In the 2016 order the Court stated:

> After this matter was placed under advisement, Orr filed Claimholder's Motion to Vacate Default Judgment (Doc #215) as document 285 in the Adversary Proceeding. The Court declines to consider the merits of the motion because it was untimely filed. At the March 31, 2016 hearing, Orr had notice that the Court would review the pleadings and possibly take the matter under advisement, but he failed to promptly supplement the record. Further, Orr lacks standing to move under Rule 60(b) to set aside a judgment against Brooke Holdings.

Doc. 286, n.5. The untimeliness referred to relates to the filing of supplemental pleadings objecting to the pending motion to disallow Claim #941-1.

The Claimholder's Motion to Vacate Default Judgment (Doc #215) is hereby denied.

**IT IS SO ORDERED.**

###