**SO ORDERED.**

**SIGNED this 14th day of April, 2017.**



Dale L. Somers
United States Bankruptcy Judge
_____

Designated for on-line publication only
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re:<br><br>BROOKE CORPORATION, et. al.,<br><br>        DEBTORS. | CASE NO. 08-22786<br>CHAPTER 7 |
| CHRISTOPHER J. REDMOND,<br>Chapter 7 Trustee of Brooke Corporation, Brooke Capital Corporation, and Brooke Investments, Inc.,<br><br>        PLAINTIFF,<br><br>v.<br><br>BROOKE HOLDINGS, INC., et al.,<br><br>        DEFENDANTS. | ADV. NO. 10-6225 |

MEMORANDUM OPINION AND ORDER
DENYING ORR'S MOTION TO COMPEL ARBITRATION AND
STAY ADVERSARY PROCEEDING

On February 8, 2017, Robert D. Orr (Orr) filed Claimholder's Motion to Compel Arbitration and Stay Adversary Proceeding (Arbitration Motion).[1] The Court limited the length of responsive pleadings.[2] The Trustee, Christopher J. Redmond, filed an objection to the motion,[3] and Orr replied.[4]

Orr's motion moves for an order compelling arbitration of his second Rule 60(b) motion, filed on December 27, 2016 (Rule 60(b) Motion).[5] In that motion he seeks to have this Court set aside the January 5, 2016 Final Agreed Upon Judgment entered in this adversary proceeding in favor of the Trustee against Brooke Holdings, Inc, based upon allegations of misconduct by counsel for the Trustee. To support his Arbitration Motion, Orr relies upon the mediation and arbitration provisions contained in an unsigned form franchise agreement between Brooke Capital Corporation and an unnamed franchisee. The Court denies Orr's Arbitration Motion for three reasons: (1) Orr lacks standing; (2) Orr does not base his motion upon an arbitration agreement to which Brooke Holdings was a party; and (3) a Rule 60(b) motion is not a proper subject of arbitration.

First, as this Court has previously held, Orr is not a party to this adversary proceeding and lacks standing to file the Arbitration Motion.[6]

---

[1] Doc. 310.

[2] Doc. 312.

[3] Doc. 314.

[4] Doc. 316.

[5] Doc. 301. That motion was under advisement when Orr filed his motion to compel arbitration.

[6] Doc. 286 and 295.

2

Second, the Arbitration Motion is not seeking to enforce an enforceable arbitration agreement to which Brooke Holdings, the defendant in this arbitration proceeding, was a party.

Third, the Arbitration Motion seeks to compel arbitration of Orr's Rule 60(b) Motion. Even assuming the existence of an enforceable prebankruptcy agreement to arbitrate disputes arising between Brooke Holdings and Brooke Corp, the Court doubts that resolution of a Rule 60(b) motion would be a matter for which arbitration would be compelled under the Federal Arbitration Act.[7] That act addresses the validity and enforceability of agreements to arbitrate controversies arising out of contracts involving commerce. A controversy regarding relief under Rule 60(b) arises from litigation governed by the federal rules of civil procedure, not from the parties' relationship. Although the Court has not located any precedent on the question, there appears to be an inherent conflict between arbitration and the purposes of the rules of civil procedure.[8] As the Trustee points out,[9] the conflict between the Bankruptcy Code and the Federal Arbitration Act is a reason that courts have declined to enforce prebankruptcy arbitration agreements as a basis to compel arbitration of trustees' claims to avoid preferential transfers and constructive fraudulent transfers, the underlying claims asserted by the Trustee against Brooke Holdings.[10]

---

[7] 9 U.S.C. §2.

[8] *See Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 226-227 (1987).

[9] Doc. 314, citing *Allegaert v. Perot*, 48 F.2d 432, 436 (2nd Cir. 1977); *In re S.W. Bach & Co.*, 425 B.R. 78 (Bankr. S.D.N.Y. 2010); *In re Bethlehem Steel Corp.*, 390 B.R. 784, 790-91 (Bankr. S.D.N.Y. 2008); *In re Certified HR Services Co.*, 2007 WL 3342752 at *4 (Bankr. S.D. Fla. Nov. 6, 2007).

[10] With Court approval, parties to a controversy affecting the estate may stipulate to submit to final and binding arbitration. Fed. R. Bank. P. 9019(c).

For the foregoing reasons, Claimholder's Arbitration Motion is denied.

**IT IS SO ORDERED.**

###

4